**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRITTNEI LEE, | No. 21-55982 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-02236-PA-PJW |
| v. | |
| ALEJANDRO N. MAYORKAS, Acting Secretary, United States Department of Homeland Security, a government entity, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted January 18, 2023**

Before: GRABER, PAEZ, and NGUYEN, Circuit Judges.

Brittnei Lee appeals pro se from the district court's summary judgment in

her Title VII employment discrimination action. We have jurisdiction under 28

U.S.C. § 1291. We review de novo. *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1151, 1155 (9th Cir. 2010).  We affirm.

The district court properly granted summary judgment because Lee failed to satisfy her burden to establish a prima facie case of discrimination where the record reflects that Lee violated her employer's code of conduct and that no employee who used their cellphone in the same manner as Lee was disciplined differently.  *See id.* at 1156 (setting forth burden-shifting framework for Title VII actions and explaining that to establish a prima facie case a plaintiff must show "(1) that they are members of a protected class; (2) that they were qualified for their positions and performing their jobs satisfactorily; (3) that they experienced adverse employment actions; and (4) that similarly situated individuals outside [their] protected class were treated more favorably" (internal quotation marks omitted)); *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003) ("[I]ndividuals are similarly situated when they have similar jobs and display similar conduct.").

**AFFIRMED.**